JUSTICE McDONOUGH
dissenting:
I respectfully dissent. I would affirm. By virtue of the terms of the buy-sell agreement and the Bank’s breach thereof, Brown is entitled to return of his $50,000 earnest money. The Bank failed to perform in accordance with the buy-sell written agreement as to a material clause. This is uncontroverted and there is no issue of fact relative to this breach.
The Bank also added material clauses to the mortgage which were not contained in the agreement, all of which was to the Bank’s benefit. These clauses included a default and the balance due on death of Brown, a default and the balance due when the Bank deems itself insecure, and also giving the Bank a lien on any personal property attached to the land.
The buy-sell agreement provided as to financing as follows:
$1,000,000.00 payable as follows
$ 50,000.00 earnest money to be applied at closing
$ 200,000.00 as additional cash down payment payable on or before closing
$ 750,000.00 balance of the purchase price will be paid at closing as follows: First Security Bank to carry a note mortgage over 10 years, interest rate to be prime rate plus -0- with a cap rate of 12%, no cap on floor, & no points. Buyer to pay monthly payments. Prime rate is fixed by City Bank of New York. Said mortgages are assumable on sale of all, or if in part, pro rata on acreage basis.
At closing, the Bank breached the buy-sell agreement by presenting a mortgage containing a clause relative to sale of the property in contradiction with the wording of the buy-sell agreement. This agreement provided the mortgage was assumable by the later buyer upon sale of all, or if sale in part, pro rata on an acreage basis. The Bank’s mortgage contained the “due on sale” clause:
DUE ON SALE - CONSENT BY LENDER. Lender may at its option, declare immediately due and payable all sums secured by this mortgage upon the sale or transfer, without the Lender’s prior written consent, of all or any part of the Real Property, or any interest in the Real Property.
*31 This “due on sale” clause in effect changed the wording of the agreement that the mortgage would be assumable on sale. As a matter of law and fact the Bank violated the buy-sell agreement by giving itself the option to accelerate the balance if it does not give prior written consent to the sale. The Bank has never presented the buyer with financing documents which comply with the buy-sell agreement, even though that would cure the deficiency here.
The Bank breached the buy-sell agreement and the buyer is entitled to a refund of the $50,000 earnest money and attorney fees.